**Robert J. KUHN, Trustee for the Owners and Producers of "The Texas Chainsaw Massacre," Plaintiff-Appellant,**

v.

**VORTEX, INC. and Kim Henkle, Plaintiffs and Cross Plaintiffs-Appellees,**

v.

**JOSEPH BRENNER ASSOCIATES, INC., et al., Defendants-Appellees.**

No. 83–1699.

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1984.

Robert J. Kuhn, James D. Doyle, III, Austin, Tex., for plaintiff-appellant.

Charles O. Grigson, Austin, Tex., for unknown shareholders.

Before CLARK, Chief Judge, JOHNSON, and WILLIAMS, Circuit Judges.

PER CURIAM:

Robert Kuhn appeals the district court's order amending a previous judgment. Kuhn argues that the court lacked authority to amend the judgment. Alternatively, Kuhn argues that the court erred by failing to hold an evidentiary hearing before amending the judgment. Rejecting Kuhn's arguments, we affirm the district court's order.

Kuhn had been appointed trustee for all of the owners and producers of a motion picture entitled "The Texas Chainsaw Massacre." Kuhn also had a 7.49% ownership interest in the film. Vortex, Inc. owned a 50% interest. On April 8, 1981, the court removed Kuhn as trustee and replaced him with Charles O. Grigson. The April 1981 order required Grigson to enter film distribution agreements, collect the proceeds, and disburse them to the owners. The court's order was affirmed by a Fifth Circuit panel.

Grigson entered film sequel agreements on behalf of the film's owners, and unsuccessfully sought approval for the agreements from the district court. Grigson then moved to amend the April 1981 order to increase the scope of his authority. Kuhn opposed Grigson's motion. The court granted the motion on August 29, 1983.

Kuhn's attack on the district court's authority to grant additional powers to the trustee is based on Federal Rule of Civil Procedure 60(b). Kuhn argues that rule 60(b) allows the court to grant relief from a judgment, not to grant additional powers or awards. Furthermore, Kuhn argues that Grigson's motion to amend the previous judgment was not made within the reasonable time required by rule 60(b).

Kuhn's reliance on rule 60(b) is misplaced. The court's April 1981 order appointing Grigson as trustee was made pursuant to the court's equity jurisdiction. Grigson's relationship to the court is an ongoing one, and the court may modify the terms of that relationship as the demands of equity require. Just as the court removed Kuhn as trustee and substituted Grigson, the court can remove Grigson, expand his powers, constrict his powers, or dissolve the trust entirely, as developing equities may require.

The advisory committee notes to rule 60(b) indicate that the rule was not intended to limit the court's equity powers. When the Court acts within its equity jurisdiction its interlocutory judgments create continuing relationships and "are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Fed.R.Civ.P. 60(b) advisory committee note.

Kuhn also argues that the court's amendment of the April 1981 judgment is flawed because the court failed to hold an evidentiary hearing before granting the motion to amend. Kuhn contends that relief under rule 60(b) is extraordinary and may be granted only upon proof of circumstances so changed that, absent relief, extreme and unexpected hardship will result. Our conclusion that rule 60(b) does not limit the court's general power to afford equitable relief by amending the April 1981 judgment obviates any need to address the evidentiary requirements of a modification under the rule.

Even if an evidentiary hearing were appropriate, Kuhn is precluded from contesting the court's decision to amend the judgment without one. When the court originally denied Grigson's request for approval of the sequel agreements, the court indicated that it was willing to consider a motion to amend the April 1981 judgment, with "a hearing, should the parties so desire." (R. 776). Although Kuhn argued

that Grigson had failed to offer evidence that the sequel agreements he could obtain were more profitable than agreements the owners might obtain on their own, the record reflects no motion or request by Kuhn for an evidentiary hearing on the propriety of the proposed amendment. Kuhn's procedural default bars his attack on the court's decision to amend the judgment without a hearing.

The judgment of the district court is AFFIRMED.